IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01492-MSK-KMT

MARK HILL,
POLO AGUIRRE,
JOSE BACA,
LAUTE BACHICHA, JR.,
STEVEN BIRCHFIELD,
LONNIE BLACK,
JAMEY BLOCK,
DONALD COOPERRIDER,
MATHEW CORBETT,
EDWARD CORDOVA, JR.,
LEONARD DIAZ,
JOHN ESTRADA,
JAMES FAZZONE,
PATRICK HAGGERTY,
TREVOR HAMILTON,
CHARLES HOLMAN,
DUSTIN JERNBERG,
ERIC LARSEN,
RAYMONDO MARTINEZ,
LARRY MYLES,
ANANIAS NUNEZ,
JAMES PERRY,
RONALD POLLOCK,
WILLIAM RAYMOND,
DOMINIC RINALDI,
JESSIE SANCHES,
LEONARD SANCHEZ,
JOHNNY SIZEMORE,
WILLIAM WAKEFIELD, and
ANTONIO YOUNG,

    Plaintiffs,
v.

APARTMENT INVESTMENT AND MANAGEMENT COMPANY,
AIMCO PROPERTIES, L.P., and
NHP MANAGEMENT, INC.,

Defendants.

---

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

**Kathleen M. Tafoya, United States Magistrate Judge**

This matter comes before the Court *sua sponte*, on Plaintiffs' Laute Bachicha, Jr., Steven Birchfield, Lonnie Blake, Jamey Block, Edward Cordova, Jr., Leonard Diaz, Raymondo Martinez, William Raymond, Dominic Rinaldi and Antonio Young failure to respond to the court's order to show cause and failure to prosecute this civil action.

On July 16, 2007, a Complaint was filed on behalf of all named Plaintiffs by attorneys Stephen M. Pavsner, Jay P. Holland, Joseph M. Sellers, Charles E. Tompkins and Llezlie L. Green. An Amended Complaint in the names of the same Plaintiffs was filed on October 4, 2007. Attorney Green appeared telephonically on behalf of all Plaintiffs at the November 13, 2007 Scheduling Conference. The Scheduling Order stated, "The Plaintiffs in this case are individuals from Colorado who opted into the *Chase* [a Washington D.C. civil action where class certification was denied] litigation." Apparently, based upon 'opt-in' requests filed by various potential plaintiffs from across the country in the original District of Columbia case, Plaintiffs' counsel filed separate actions in twenty-two jurisdictions when the class action failed to materialize. This Colorado federal case was filed in the name of thirty such plaintiffs. Subsequently, a petition to transfer this and other cases to the Judicial Panel on Multidistrict Litigation also failed.

When Plaintiffs' counsel began to respond to discovery requests directed at individual Plaintiffs, it became apparent that contact could not be made with a number of the opt-in

2

Plaintiffs. (Doc. No. 39) Rather than moving to dismiss the unavailable Plaintiffs, counsel simply moved to withdraw as counsel to Plaintiffs Laute Bachicha, Jr., Steven Birchfield, Lonnie Blake, Jamey Block, Edward Cordova, Jr., Leonardo Diaz, Raymond Martinez, William Raymond, Dominic Rinaldi and Antonio Young. The District Court granted the motion to withdraw on February 28, 2008 [Doc. No. 51].

This court issued a Minute Order setting a status conference which was mailed to the last known addresses of the now unrepresented plaintiffs [Doc. No. 53, filed March 3, 2008]. The Minute Order was returned to the court as undeliverable for Plaintiffs Blake, Cordova, Martinez, Raymond and Young.

None of the unrepresented Plaintiffs appeared at the status conference held on April 25, 2008, including those as to whom the notice of the hearing was not returned as undeliverable. At the hearing, the court Ordered Plaintiffs Laute Bachicha, Jr., Steven Birchfield, Lonnie Blake, Jamey Block, Edward Cordova, Jr., Leonard Diaz, Raymondo Martinez, William Raymond, Dominic Rinaldi and Antonio Young to show cause in writing on or before May 15, 2008, why they failed to appear at the hearing and why their claims should not be dismissed for failure to prosecute.

The Order to Show Cause was mailed to the plaintiffs on May 5, 2008. (Doc. No. 63) The Order was returned as undeliverable as to Plaintiffs Blake, Cordova, Martinez, Raymond and Young. No additional address, telephone or other contact information has been provided to the court as to these Plaintiffs, nor as to Plaintiffs Bachicha, Birchfield, Block, Diaz or Rinaldi.

Based on a review of the file and the circumstances surrounding the filing of this case, it appears likely that plaintiffs Laute Bachicha, Jr., Steven Birchfield, Lonnie Blake, Jamey Block, Edward Cordova, Jr., Leonard Diaz, Raymondo Martinez, William Raymond, Dominic Rinaldi and Antonio Young are unaware that a case was filed in this court in their names and that they have no interest in pursuing the claims asserted originally on their behalf by counsel in the class action.

Even when a plaintiff is proceeding in a case without an attorney, each plaintiff bears the responsibility of complying with Court Orders and attending hearings. Since the unrepresented Plaintiffs have not participated in the case in any way, nor have they attended court hearings or advised the court of their current whereabouts, the court must consider whether a dismissal pursuant to Fed. R. Civ. P. 41 is appropriate. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2369, at 576-77 & n.1 (3d Ed. 2008).

> Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides,

> [o]n motion or on its own, the court may issue any just orders, . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is

4

substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling or other pretrial order.

**IT IS THEREFORE RECOMMENDED that this case be DISMISSED** as to Plaintiffs Laute Bachicha, Jr., Steven Birchfield, Lonnie Blake, Jamey Block, Edward Cordova, Jr., Leonard Diaz, Raymondo Martinez, William Raymond, Dominic Rinaldi and Antonio Young for failure to prosecute and that the case caption be amended accordingly.

NOTICE: Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of*

*Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins, Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23d day of May, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge